**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 06-20021-JWL** |
| **ALBERTO PEREZ-JACOME,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is currently before the court on defendant Alberto Perez-Jacome's motion for return of property filed pursuant to Fed. R. Crim. P. 41(g) (doc. 695). For the reasons set forth below, that motion is denied.

During the course of an investigation into a drug-trafficking ring, the Drug Enforcement Administration (DEA) searched a residence at 1814 Bunker, Kansas City, Kansas and Mr. Perez-Jacome's vehicle, which was parked in the driveway of the residence. Following the search, DEA Agents seized numerous firearms and ammunition, quantities of cocaine, methamphetamine, marijuana, and MDMA pills, several digital scales, as well as $7,002.00 in U.S. currency from the residence, $3,058.00 from Perez-Jacome's vehicle, and $4,373.00 from a co-defendant's person. Mr. Perez-Jacome was indicted for various drug crimes and was convicted following a jury trial of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine,

1

500 grams or more of cocaine, and a detectable amount of marijuana; possession with intent to distribute 50 grams or more of methamphetamine; possession with intent to distribute 500 grams or more of cocaine; and possession with intent to distribute marijuana (doc. 570). Mr. Perez-Jacome now seeks the return of a 1997 Dodge Caravan and $45.00 in U.S. currency that he claims were seized at the time of his arrest (doc. 695).

**ANALYSIS**

**1. Motion for Return of Property**

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows "irreparable harm and an inadequate remedy at law." *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (quotations and citation omitted). Once criminal proceedings have terminated, however, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1213 n.14 (10th Cir. 2001) (quotations and citation omitted).

*A. 1997 Dodge Caravan*

Mr. Perez-Jacome seeks the return of a 1997 Dodge Caravan he contends was seized by the government (doc. 695). In response, the government maintains that although a Dodge Caravan was searched at the scene of Mr. Perez-Jacome's arrest, the

2

vehicle was not seized by law enforcement (doc. 687). The defendant does not address the government's assertion in his reply brief (doc. 701).

As the defendant has provided no support for his contention that the government seized and retained possession of the 1997 Dodge Caravan, the court concludes that the government was never in possession of the vehicle. Thus, Mr. Perez-Jacome's motion to return property is denied as to the 1997 Dodge Caravan.

*B. $45.00 in United States Currency*

Mr. Perez-Jacome also seeks the return of $45.00 in U.S. currency. In response, the government asserts that while "it is unclear precisely what money [the defendant]" seeks to have returned, all currency seized by the DEA was administratively forfeited as unlawful proceeds of drug trafficking, and, as such, the defendant is not entitled to its return. Mr. Perez-Jacome tendered a reply brief in response to the government's filing. In his reply, the defendant argues that the administrative forfeiture by the DEA was improper as he was not given notice (doc. 701). He seeks to set aside the forfeiture of all currency seized in his case.

In accepting a reply, the court will "deny or exclude summarily all arguments and issues first raised in [a] reply." *Wagher v. Guy's Foods, Inc.*, 765 F. Supp. 667, 671 (D. Kan. 1991). Here, the defendant raised a new argument in his reply brief, asserting that he did not receive notice of the administrative forfeiture of currency seized by the DEA. Because this argument was first tendered in the reply brief, it is waived and not properly before this court. *SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009).

3

Based on the defendant's remaining argument, the court finds that all currency seized by the government was administratively forfeited. Mr. Perez-Jacome has failed to challenge the forfeiture through the appropriate administrative and judicial procedures. As such, the court lacks jurisdiction to hear the defendant's claim as to the $45.00. *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011); *but see United States v. Deninno*, 103 F.3d 82 (10th Cir. 1996) ("[F]ederal question jurisdiction pursuant to 28 U.S.C. § 1331 is available for the limited purpose of considering collateral due process attacks; that is, deciding whether the forfeiture offended due process rights.").

## 2. Leave to File Supplemental Pleading

In his reply (doc. 701), Mr. Perez-Jacome requests leave to file a supplemental pleading. He then filed a document (doc. 702) in support of his argument that the administrative forfeiture proceedings were improper. The court deems the document (doc. 702) as a supplemental pleading.

The government shall have thirty days to respond as to Mr. Perez-Jacome's request for leave to file a supplemental pleading. The defendant shall have thirty days thereafter to file a reply.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Return Property (doc. 695) is denied as to the 1997 Dodge Caravan and dismissed for lack of jurisdiction as to the $45.00 in U.S. currency.

**IT IS FURTHER ORDERED BY THE COURT** that the government shall have until September 10, 2012 to respond to the defendant's request for leave to file a supplemental pleading (doc. 701), and the defendant shall have until October 10, 2012 to file a reply.

**IT IS SO ORDERED** this 9th day of August, 2012.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge